United States District Court
for the
Southern District of Florida

| Jay Bradshaw, Plaintiff, | ) |
| :--- | :--- |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-24806-Civ-Scola |
| Integon National Insurance | ) |
| Company, Defendant. | ) |
| | ) |

**Order Granting Motion to Dismiss**

Now before the Court is the Defendant Integon National Insurance Company's ("Integon") motion to dismiss. The Plaintiff Jay Bradshaw failed to timely respond to Integon's motion to dismiss.[1] For the reasons set forth below, the Court **grants** Integon's motion to dismiss (**ECF No. 6**).

1. **Background**

This action arises from an insurance dispute, where Bradshaw sued in Miami-Dade Circuit court because Integon failed to pay the full amount on the adjustment of damages sustained to Bradshaw's property. (ECF No. 4-4 at ¶ 13.) The case has since been removed to this Court. (ECF No. 1.)

Integon issued a homeowner's insurance policy to the named insured Seterus, Inc. and the borrower Jay Bradshaw. (ECF No. 1-4 at 4.) The complaint alleges that Bradshaw's home suffered water-related structural damages, and that Integon breached the contract because it did not pay the full amount needed for repairs. (ECF No. 4-4 at ¶¶ 8, 13.) The policy at issue covered the water leaks. (*Id.* at ¶ 11.) However, the policy explicitly defines the Seterus, Inc. as the named insured and Jay Bradshaw as the borrower to the contract, and states:

> The contract of insurance is only between the NAMED INSURED and Integon National Insurance Company. There is no contract of insurance between the BORROWER and Integon National Insurance Company. The insurance purchased is intended for the benefit and protection of the NAMED INSURED, insures against LOSS only to

---

[1] Bradshaw's failure to respond to the complaint constitutes an independent basis to dismiss the complaint. *See* Local Rule 7.1(c) ("each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."); *Arrington v. Hausman,* 2016 WL 782416, at *2 (S.D. Fla. Feb. 17, 2016) (Gayles, J.) (dismissing case for failing to respond to the motion to dismiss).

the dwelling and OTHER STRUCTURES on the DESCRIBED LOCATION, and may not sufficiently protect the BORROWER'S interest in the property. No coverage is provided for contents, personal effects, additional living expense, fair rental value or liability..."

(ECF No. 1-4 at 4.)

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Discussion

As a nonparty to the insurance policy, Bradshaw lacks standing to bring a claim for breach of the policy. An entity may not bring a claim for breach of a contract to which it is not a party. *See Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So. 1028, 1030-31 (Fla. 4th DCA 1994) ("A person who is not a party to a contract may not sue for breach of that contract where that person receives only an incidental or consequential benefit from the contract."); *Biscayne Investment Group, Ltd. v. Guarantee Management Services, Inc.*, 903 So. 2d 251, 254 (Fla. 3d DCA 2005) ("Unless a person is a party to a contract, that person may not sue for breach of that contract where the non-party has received only an incidental or consequential benefit of the contract."). The contract states that only the named insured, Seterus, Inc., and Integon are parties, and that "[t]here is no contract of insurance between the BORROWER [who is defined as Jay Bradshaw] and Integon." (ECF No. 4-4 at 4.) Moreover, Bradshaw has not alleged that he has a claim as an intended third-party beneficiary to the policy. *C.f. Foundation Health v. Westside EKG Assoc.*, 944 So. 2d 188 (Fla. 2006) (a claim for breach of a third-party beneficiary contract requires "the clear or manifest intent of the contracting parties that the contract primarily and directly

benefit the third party"). Therefore, since Bradshaw is not a party to the contract, his one-count complaint, alleging a claim for breach of contract, must be dismissed.

### 4. Conclusion

In sum, the Court **grants** the Defendant Integon National Insurance Company's motion to dismiss (**ECF No. 6**). The case is dismissed without prejudice, and with leave to file a new civil action. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, in Miami, Florida on December 10, 2019.

Robert N. Scola, Jr.
United States District Judge